IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM WILLIAMS and SHIRLEY WILLIAMS,
Co-Executors of the Estate of
Debra Lynn Koenig,

    Plaintiffs,

v.                            Civil Action No. 5:07CV157
                                              (STAMP)
COMBINED INSURANCE COMPANY OF AMERICA
and ROBERT JOHNSTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND,
AND DENYING WITHOUT PREJUDICE COMBINED'S MOTION TO DISMISS**

I. Background

The above-styled civil action arises out of a dispute over an insurance policy issued by defendant Combined Insurance Company of America ("Combined") to Debra Lynn Koenig. On November 28, 2006, the plaintiffs filed a complaint against Combined and defendant Robert Johnston ("Johnston") in the Circuit Court of Brooke County, West Virginia. The plaintiffs allege that defendant Combined failed to settle the claims for life insurance benefits arising our of the death of its insured, Debra Lynn Koenig, and that defendant Johnston failed to communicate with the plaintiffs regarding the insurance claims. The complaint asserts causes of action for breach of contract, insurance bad faith in violation of West Virginia Code § 33-1-1, and punitive damages.

Defendant Combined timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Thereafter, the defendants jointly filed a motion to dismiss to which the plaintiffs responded and the defendants replied. The plaintiffs then filed a motion to remand to which the defendants responded and the plaintiffs replied.

This Court has considered the motion to remand and the response and reply thereto and concludes that because the defendants have failed to establish that the amount in controversy meets the jurisdictional threshold, subject matter jurisdiction is lacking in this case, and therefore, the plaintiff's motion to remand must be granted.

In light of its finding that it lacks subject matter jurisdiction based upon the defendants' failure to establish the require minimum amount in controversy, this Court need not, and does not, address the issue of fraudulent joinder, which the defendants raised both in their pleadings relating to the plaintiffs' motion to remand and in their motion to dismiss. Because it lacks jurisdiction to consider the issue of fraudulent joinder as raised in the defendants' motion to dismiss, this Court will deny without prejudice the defendants' motion to dismiss.

### III. Legal Standard

When a defendant seeks to remove a case from state court to a federal district court pursuant to 28 U.S.C. § 1441(a), the federal

court must be able to exercise original jurisdiction over the matter. See 28 U.S.C. § 1441(a)(1). Under 28 U.S.C. § 1332(a), the federal district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

A defendant wishing to remove a case to federal court based upon § 1332 must offer "competent proof" that the jurisdictional requirements are met. See Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). This proof must be by a preponderance of the evidence. See, e.g., Singer v. State Farm Mut. Auto. Ins., 116 F.3d 373, 377 (9th Cir. 1997). "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999). If federal jurisdiction is doubtful, remand is necessary. See Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Although courts strictly construe the statute granting removal jurisdiction, see Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain

the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. See 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. See Chase, 110 F.3d at 428.

The Supreme Court of Appeals of West Virginia has stated that "the value of a lawsuit is not determined definitively by the ad damnum clause." State ex rel. Strickland v. Daniels, 318 S.E.2d 627, 631 (W. Va. 1984). The ad damnum clause is only an estimate of the relief to which the plaintiff is entitled, and "the [p]laintiff is not restricted or bound by the relief requested." Gillespie v. Brewer, 602 F. Supp. 218, 223 (N.D. W. Va. 1985). Further, Federal Rule of Civil Procedure 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

Under West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. White, 861 F. Supp. at 27; Mullins, 861 F. Supp. at 24. West Virginia

4

allows an award of punitive damages to an insured where the insurer's failure to honor a claim involves a malicious intention to injure or defraud. White, 861 F. Supp. at 27; Mullins, 861 F. Supp. at 24. Thus, where a plaintiff seeks punitive damages for defendant's alleged intentional, willful, and malicious breach of the covenant of good faith and fair dealing, a court may permit punitive damages to be included in the amount in controversy for jurisdictional purposes. See White, 861 F. Supp. at 27. Further, West Virginia courts have upheld punitive damages awards that have been substantially in excess of the compensatory damages recovered in the same action. See id.

III. Discussion

A. Motion to Remand

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees. Although the plaintiffs claim that this case must be remanded because neither diversity of citizenship nor the jurisdictional amount in controversy is present in this action, this Court finds that Combined's failure to establish the required jurisdiction minimum is dispositive, and, accordingly, this Court need not consider whether diversity of citizenship exists in this action.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

In this case, the plaintiffs' complaint does not specify the amount of monetary relief sought. The defendants have stated the value of the policy at issue as $30,227.76. The plaintiffs have not disputed this assertion. Therefore, for purposes of determining the amount in controversy only, this Court relies upon this figure as a starting point. Although this amount is not dispositive of the value of this civil action because it represents only the amount of the disputed insurance benefits, it does provide some indication of the amount of damages involved, which at this time is shown to be far below the jurisdictional minimum.

6

Combined argues that the amount in controversy exceeds the jurisdictional minimum because the plaintiffs seek incidental, consequential, and punitive damages, as well as compensatory damages for intangible injuries including inconvenience, aggravation, lost utility of the policy payout.  In its response in opposition to the plaintiffs' motion for remand, Combined contends that the policy amount, when coupled with the plaintiffs' alleged compensatory and punitive damages, make it "certainly plausible, and indeed likely, that any award for Plaintiffs in this case would be well in excess of the jurisdictional minimum."

After careful consideration of the briefs filed in support and in opposition of the plaintiffs' motion to remand, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy.  The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal.  See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).  The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996).  Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.  Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the

jurisdictional minimum. Therefore, the plaintiffs' motion to remand must be granted. Nothing prevents the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, assuming that more than one year has not passed since the commencement of the action. 28 U.S.C. § 1446(b).

B. Motion to Dismiss

Lacking subject matter jurisdiction, this Court does not reach the defendants' arguments concerning fraudulent joinder. Accordingly, the defendants' motion to dismiss will denied without prejudice so that the defendants can refile motion in state court, if it is appropriate to do so.

V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Additionally, because this Court has determined that it lacks subject matter jurisdiction over this case, the defendants' motion to dismiss is hereby DENIED WITHOUT PREJUDICE. It is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 26, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE